**PAUL J. DOOLING TIRE COMPANY**

v.

**CITY OF PHILADELPHIA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 2001.

Decided Dec. 6, 2001.

James J. Zwolak, Philadelphia, for appellant.

Marvin I. Block, Philadelphia, for appellee.

Before DOYLE, President Judge, LEADBETTER, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

The City of Philadelphia (City) appeals from a decision of the Court of Common Pleas of Philadelphia County (trial court) which granted Paul J. Dooling Tire Company's (Tire Company) petition to redeem its property located at 3500 East Allen Street, Philadelphia (Property). We reverse.

In July of 1993, Tire Company purchased the subject Property and used the lot to store and repair tires as part of its business dealing in tires for heavy equipment. Tire Company also owns the lot located across the street from Property. Tire Company never recorded their deed for the Property and as a result, never received a tax bill for Property until March of 2000. Tire Company did receive and timely pay tax bills for the other lot.

In March of 2000, after receiving its first tax bill for Property, Tire Company timely paid the bill. In March of 2000, as Tire Company was delinquent in its taxes for the Property, the City sold the Property at a Sheriff's Tax Sale to the City. The Sheriff acknowledged the deed to the City on March 30, 2000.

The City prepared to convey the Property to Gryphin Paint Company (Gryphin) through the City's Redevelopment Authority. Gryphin agreed to remove the hazardous waste from and clean up the Property so it could expand its business onto the Property.

On July 31, 2000 Tire Company filed with the trial court a petition to redeem pursuant to Section 32 of the Municipal Claim and Tax Lien Law (Act), Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. § 7293. On August 9, 2000, the City filed an objection to the petition. On August 10, 2000, after a hearing, Tire Company withdrew the petition to redeem without prejudice. On August 23, 2000, Tire Company refiled the petition to redeem with the trial court.

On September 7, 2000, a hearing was held and the trial court issued a temporary restraining order requiring Tire Company to post a bond of $5,000.00 and to remove all hazardous material in accordance with state and city ordinances and regulations. On December 14, 2000, the trial court granted the Tire Company's petition to redeem holding that the language of Subsection (c) of the Act was ambiguous and permitted redemption of the subject Property. The City now appeals to our Court.

■ The City contends that the trial court erred in determining that the Act was ambiguous and in permitting Tire Company to redeem the Property. We agree.

The Act provides in pertinent part as follows:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsections (c) and (d) of this section, redeem the same at any time within one year from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such sale; . . . .

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

(c) Notwithstanding any other provision of law to the contrary, in cities of the first class only, **there shall be no redemption of vacant property by any person after the date of the acknowledgment of the sheriff's deed therefor.** For the purposes of this subsection, **property shall be deemed to be "vacant property" unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the acknowledgment of the sheriff's deed therefor.** (emphasis added).

53 P.S. § 7293.

■ A statute must be read in accordance with its plain and common meaning when it is clear and unambiguous on its face. *Commonwealth v. Harner,* 533 Pa. 14, 617 A.2d 702 (1992). The language of a statute is considered ambiguous only

"where it will bear two or more meanings." *City of Philadelphia v. Schaller*, 148 Pa.Super. 276, 281, 25 A.2d 406, 409 (1942). The Act provides that owners of any property sold at a tax sale may redeem the property within one year of the acknowledgment of the sheriff's deed. 53 P.S. § 7293(a). The redemption is subject to a restriction which is outlined in Subsection (c) of the Act. The language of Subsection (c) of the Act is unambiguous and limits redemption to non-vacant property occupied as a residence.

In the present controversy, the Property is not used as a residence but is commercial in nature. The Property was vacant as defined within the Act. Accordingly, we must reverse the decision of the trial court.

### ORDER

AND NOW, this 6th day of December, 2001, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter is reversed.