**CITY OF PHILADELPHIA**

v.

**F.A. REALTY INVESTORS CORP.**

**Appeal of: F.A. Investment Group, Inc., and Information Management Group, Inc.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 2014.

Decided June 27, 2014.

---

Jerome H. Lacheen, Philadelphia, for appellants.

Craig Gottlieb, Senior Attorney, for appellee The City of Philadelphia.

Andrew L. Miller, Bala Cynwyd, for appellee YNLME.

BEFORE: RENÉE COHN JUBELIRER, Judge, and PATRICIA A. McCULLOUGH, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge McCULLOUGH.

F.A. Realty Investors Corporation, F.A. Investment Group, Inc., and Information Management Group, Inc. (collectively, Appellants), appeal from the February 27, 2013 order of the Philadelphia County

Court of Common Pleas (trial court), dismissing Appellants' petition to redeem premises as premature. The question before us is one of first impression in this Court, whether Appellants may file a petition to redeem premises prior to the acknowledgment of the sheriff's deed.

Appellants own the real property located at 6001 North 17th Street, Philadelphia, PA (Property), with F.A. Investment Group, Inc., having a 95% equity interest, Information Management Group, Inc., having a 2.5% equity interest, and F.A. Realty Investors Corporation having a 2.5% equity interest. (Reproduced Record (R.R.) at 9a.) On or prior to March 10, 2003, the City of Philadelphia (City) closed the Property and forced all tenants to move out of the building. On July 22, 2010, the City filed an amended tax claim for delinquent real estate taxes for the Property against F.A. Realty Investors Corporation. On August 2, 2010, the trial court issued a rule to show cause why the Property should not be sold at a sheriff's sale. On September 14, 2010, Appellants were served with the petition to sell the Property free and clear of encumbrances and the rule to show cause; though the City did not name F.A. Investment Group, Inc., and Information Management Group, Inc., as defendants in this case, both entities were served with the petition.[1] On October 7, 2010, the sheriff posted notice on the Property. (S.R.R. at 4b–5b, 23b–25b, 31b.)

On August 19, 2011, F.A. Realty Investors Corporation filed a motion to stay the proceedings, which the trial court denied. (S.R.R. at 5b, 7b.) F.A. Realty Investors Corporation never filed a response to the trial court's rule to show cause. (Trial court op. at 2; see S.R.R. at 1b–20b.) On July 11, 2012, the trial court entered a final disposition and decreed that the Property be sold free and clear of all encumbrances at a sheriff's sale. Appellants were served with this decree. On August 13, 2012, F.A. Investment Group, Inc., and Information Management Group, Inc., filed a motion to stay the sheriff's sale, which the trial court denied on August 15, 2012. (S.R.R. at 7b–8b, 10b, 26b–28b.)

On August 14, 2012, Steven A. Frempong (Frempong) filed a motion to intervene, which the trial court denied on September 11, 2012.[2] (Trial court op. at 2; S.R.R. at 9b–10b.) F.A. Realty Investors Corporation filed a combination petition to intervene and to vacate or open judgment on November 19, 2012, and the City filed an answer. (R.R. at 12a–14a; S.R.R. at 11b–12b.) On November 21, 2012, the Property was sold at a sheriff's sale.[3] (Trial court op. at 2.) Appellants filed a petition to redeem premises on December 6, 2012, to which the City filed an answer. (R.R. at 22a; S.R.R. at 11b, 13b–14b.) On December 28, 2012, the trial court denied F.A. Realty Investors Corporation's petition to open judgment. (S.R.R. at 13b.) The trial court dismissed Appellants' petition to redeem premises as premature on February 27, 2013.[4] (S.R.R. at 15b.)

---

1. We note that all three Appellants share the same address. (Supplemental Reproduced Record (S.R.R.) at 23b–24b.)

2. Frempong is the president of F.A. Realty Investors Corporation and F.A. Investment Group, Inc. (S.R.R. at 31b.) The record is unclear regarding his relationship with Information Management Group, Inc.

3. Appellee YNLME, Inc., was the successful bidder at the sheriff's sale. (YNLME's brief at 5; City's brief at 5.) YNLME, Inc., subsequently assigned its bid to Tevel 6100, LLC (Tevel). (City's brief at 5.)

4. On January 28, 2013, Tevel filed a petition to intervene and an answer to Appellants' petition to redeem premises. On February 5, 2013, F.A. Realty Investors Corporation filed preliminary objections to Tevel's petition to

The trial court filed its Pennsylvania Rule of Appellate Procedure 1925(a) opinion on May 20, 2013, in support of its February 27, 2013 order.[5] The trial court noted as follows:

Pursuant to [section 32 of the act commonly known as the Municipal Claims and Tax Liens Act (Act), Act of May 16, 1923, P.L. 207, *as amended,*] 53 P.S. § 7293, a property owner has the right to redeem a property after it is sold at Sheriff's Sale "at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale ..." along with other costs associated with the Sheriff's Sale, including interest. 53 P.S. § 7293(a). The redemption period begins after the acknowledgment of the Sheriff's deed. *Paul J. Dooling Tire Company v. City of Philadelphia,* 789 A.2d 364 (Pa. Cmwlth.2001); *First Union Nat'l Bank v. Diamonds and Gold, Inc.,* 850 A.2d 642, 645–647 (Pa.Super.2004). The property owner must set forth facts warranting redemption and his readiness to pay the redemption money. *Id.* at § 7293(c). A property will be deemed vacant unless the property owner sets forth facts showing that the property was "continually occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the

acknowledgment of the sheriff's deed therefor." *Id.*

(Trial court op. at 3–4.) The trial court determined that F.A. Realty Investors Corporation's petition to redeem premises was premature pursuant to section 32 of the Act based on F.A. Realty Investors Corporation's admissions in its petition to redeem premises and its memorandum of law in support of its petition to redeem premises as follows:

1.) "the Sheriff of Philadelphia has not issued the requisite acknowledgment of the Sheriff's deed that would prevent redemption of said property;"

2.) "[t]he Bid winner is yet to pay the auction price to obtain the acknowledgment of the Sheriff's deed;"

3.) The "Bid winner has not paid for the purchase;"

4.) "the Bid Winner has not completed purchase and the acknowledgement of the Sheriff's deed required to complete purchase has not occurred;"

5.) "In this case the bid winner has not completed the full payment of the purchase price. As a result the Sheriff has not also issued its acknowledgment of the Sheriff's deed."

(Trial court op. at 4.) Thus, the trial court dismissed Appellants' petition to redeem premises.

■ On appeal to this Court,[6] Appellants argue that: (1) they have satisfied

---

intervene and answer with new matter. On February 18, 2013, Tevel filed preliminary objections to F.A. Realty Investors Corporation's preliminary objections. On March 28, 2013, the trial court issued two separate orders rendering F.A. Realty Investors Corporation's and Tevel's preliminary objections moot because of the February 28, 2013 order dismissing Appellants' petition to redeem premises as premature. (S.R.R. at 14b–15b, 18b–19b.)

5. The trial court stated that, although Information Management Group, Inc., appeared in the docket entry indicating that it is a party on appeal, Information Management Group, Inc., never formally sought intervention and the trial court addressed the 1925(a) opinion solely to F.A. Realty Investors Corporation. (Trial court op. at 1 n. 1.)

6. Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly

the property redemption requirements under section 32 of the Act; (2) the City failed to join two indispensable parties, F.A. Investment Group, Inc., and Information Management Group, Inc., as defendants to the sheriff's sale; (3) the trial court abused its discretion in denying F.A. Investment Group, Inc., and Information Management Group, Inc.'s, petition to intervene and to vacate or open judgment; and (4) the trial court erred in interpreting the language of section 32(c) of the Act, 53 P.S. § 7293(c), in dismissing the petition to redeem as premature.

### A. Indispensable Parties and Intervention

█ We first address Appellants' second and third arguments. Appellants contend that the City failed to join F.A. Investment Group, Inc., and Information Management Group, Inc., as indispensable parties to the sheriff's sale. Contrary to Appellants' assertion, the Act does not provide the need to join indispensable parties in order for a property to be properly sold at a sheriff's sale. The City named all Appellants as interested parties in the petition to sell the Property. (R.R. at 5a–7a.) Section 39.2 of the Act, added by the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2, provides, in pertinent part, the notice requirements for a petition to sell the property, the rule to show cause, and the decree as follows:

(a) In cities of the first class, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under section 31.2 of this act shall be served by the claimant upon owners, mortgagees, holders of ground rents,

liens and charges or estates of whatsoever kind as follows:

(1) By posting a true and correct copy of the petition and rule on the most public part of the property;

(2) By mailing by first class mail to the address registered by any interested party pursuant to section 39.1 of this act a true and correct copy of the petition and rule; and

(3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first class mail and either certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

\*　　\*　　\*

(b) No party whose interest did not appear on a title search, title insurance policy or tax information certificate or who failed to accurately register his interest and address pursuant to section 39.1 of this act shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section. This provision shall not apply if the mortgage or interest was otherwise properly recorded in the Office of the Recorder of Deeds and the document contains a current address

erred as a matter of law. *City of Allentown v. Kauth,* 874 A.2d 164, 165 n. 4 (Pa.Cmwlth. 2005).

sufficient to satisfy the notice requirements of this section. Notwithstanding any other requirement set forth in this act or any other law to the contrary, the notice required by subsection (a) of this section shall constitute the only notice required before a court may enter a decree ordering a tax sale.

\*　　\*　　\*

(c) Notice of the court's decree ordering a tax sale, together with the time, place and date of the sale, shall be served by first class mail on all parties served with the petition and rule, on any parties whose interest appeared of record after the filing of the petition but before the court's decree and on any creditor who has obtained judgment against the owner of the premises prior to the date of the decree. The city shall file an affidavit of service of these notices prior to the date of sale.

53 P.S. § 7193.2(a)-(c).

In this case, the City posted notice on the Property. (S.R.R. at 5b.) The City also served all Appellants by first class mail at their registered addresses with the petition to sell the Property and the rule to show cause. (S.R.R. at 23b–25b.) After the trial court issued the decree to sell the Property, the City notified all Appellants by first class mail at their registered addresses. (S.R.R. at 26b–28b.) Under the Act, the City satisfied the notice requirements. *City of Philadelphia v. Schaffer*, 974 A.2d 509, 512–13 (Pa.Cmwlth. 2009) (holding that all notice requirements of the Act must be strictly followed). In fact, F.A. Investment Group, Inc., and Information Management Group, Inc.'s, filing

of a motion to stay the sheriff's sale is evidence that all Appellants received notice of the sale. (S.R.R. at 8b.)

■ Interested parties are permitted to intervene as defendants pursuant to section 12 of the Act, 53 P.S. § 7181, which states as follows:

> Any person having an interest in the property, whensoever acquired, may, after ten days' prior notice in writing, by leave of court, intervene as a party defendant and make defense thereto, with the same effect as if he had been originally named as a defendant in the claim filed. And the claimant may, by writing filed at his own costs, strike off the name of any defendant therein, and may substitute as a defendant, and issue a scire facias against, any person who may have an interest therein as owner, or who is the personal representative of an owner who has died either before or after filing the claim, but such substitution shall always be without prejudice to any intervening rights.

53 P.S. § 7181. F.A. Investment Group, Inc., and Information Management Group, Inc., assert that they filed a petition to intervene and to vacate or open judgment. However, this petition to intervene is not docketed and thus we cannot consider the petition on appeal.[7] Moreover, section 39.3 of the Act, added by the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.3, provides that:

> All parties wishing to contest the validity of any sale conducted pursuant to section 31.2 of this act, including the sufficiency of any notice, and any party claiming to have an interest in the prem-

---

7. We note that F.A. Investment Group, Inc., and Information Management Group, Inc.'s, petition to intervene and to vacate or open judgment appears in the reproduced record. (R.R. at 12a–14a.) However, there are discrepancies in the parties' briefs as to whether this petition to intervene was filed, was pending, or was denied by the trial court. Thus, we look to the official trial court docket to determine whether Appellants' petition to intervene was filed.

ises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest within three months of the acknowledgment of the deed to the premises by the sheriff.

53 P.S. § 7193.3.[8] Thus, because the City properly notified Appellants, and F.A. Investment Group, Inc., and Information Management Group, Inc., have not formally petitioned to intervene in this case, the trial court properly decreed the sale of the Property.

## B. Petition to Redeem Premises Timely Filed

Next, Appellants argue that they have satisfied the property redemption requirements under section 32 of the Act. In this regard, Appellants solely appealed from the trial court's order dismissing their petition to redeem premises as premature.[9]

Importantly, section 32(a) of the Act states that "[t]he owner of any property sold under a tax or municipal claim ... may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor...." 53 P.S. § 7293(a).

 This is a case of first impression in this Court, and as we apply the rules of statutory construction, it is presumed that the Legislature does not intend an absurd result. 1 Pa.C.S. § 1922(1). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). When the words of a statute are clear, courts must adhere to the plain meaning of the language. 1 Pa.C.S. § 1921(b). "The language of a statute is

---

8. As nothing in the record indicates that the sheriff's deed has been acknowledged, we are not addressing whether Appellants would still have the opportunity to file a petition seeking to overturn the sale.

9. Section 32(a) of the Act provides as follows:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not [sic] entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other

charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. If both owner and creditor desire to redeem, the owner shall have the right so to do only in case he pays the creditor's claim in full. If more than one creditor desires to redeem, the one who was lowest in lien at the time of sale shall have the prior right, upon payment in full of the claim of the one higher in lien. Within nine months, one who was lower in lien may redeem from one higher in lien who has already redeemed, and the owner may redeem from him; and so on throughout, in each case by paying the claim of the one whose right was higher; and one higher in lien may redeem from one lower in lien, unless his claim is paid; but in each case the right must be exercised within nine months.

53 P.S. § 7293(a).

considered ambiguous only where it will bear two or more meanings." *Dooling Tire Company*, 789 A.2d at 365–66 (citation and quotations omitted). "When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering ... [t]he consequences of a particular interpretation." 1 Pa.C.S. § 1921(c)(7). "[T]his redemption statute is to be liberally construed so as to effect its object and to promote justice." *City of Philadelphia v. Taylor*, 318 Pa.Super. 435, 465 A.2d 33, 35 (1983). "The purpose of sheriff's sales under the [Act] ... is not to strip the owner of his or her property but to collect municipal claims." *City of Philadelphia v. Manu*, 76 A.3d 601, 606 (Pa.Cmwlth.2013).

### 1. Section 32(a) of the Act

■ In this case, both parties assert different interpretations of the statute: Appellants assert that a petition to redeem premises may be filed at *any time until* nine months after the sheriff's deed has been acknowledged; and the City asserts that a petition to redeem premises can

only be filed within nine months *after* the sheriff's deed has been acknowledged.

Appellants have promptly filed a petition to redeem premises approximately two weeks after the sheriff's sale and prior to the acknowledgment of the sheriff's deed. Thus, Appellants contend that the petition was filed well before the termination of the redemption period, which expires nine months after the acknowledgment of the sheriff's deed. Appellants claimed, almost immediately, that they are fully capable of paying the delinquent taxes, plus all of the other necessary reimbursement costs associated with their right to redeem the Property. 53 P.S. § 7293(a).[10] To make Appellants wait to file the petition to redeem premises subsequent to the acknowledgment of the sheriff's deed could delay the collection of the delinquent taxes and would force the purchaser to expend more time and money on the Property that will ultimately be redeemed, which would be an absurd result. 1 Pa.C.S. § 1922(1). Thus, the purpose of the sheriff's sale under the Act, to ensure the collection of the delinquent taxes, would be frustrated, or, at the very least, postponed. *Manu*.[11]

---

10. Section 32(a) states in pertinent part that property owners may redeem their property: [U]pon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not [sic] entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. 53 P.S. § 7293(a).

11. In *Manu*, the city sought to sell the property owner's property free and clear of all encumbrances for failure to pay water and sewer rents. The trial court issued a rule to show cause why the property should not be sold free and clear of all encumbrances upon the property owner only, and no other interested parties. Subsequently, the trial court issued an order authorizing the city to sell the property free and clear of all encumbrances at a sheriff's sale. The trial court denied the property owner's motions to strike and vacate the order due to defective service and to clarify whether the city sought to collect delinquent water and sewer rents or delinquent real estate taxes. The trial court also dismissed a third-party mortgagee's petition to intervene because the property owner already appealed the matter.

On appeal to this Court, we determined that the city failed to substantially comply with the service provisions of the Act. We noted that the city had the burden of proving strict compliance with the provisions of the Act. We held that the purpose of sheriff's sales under the Act is to collect delinquent taxes, not to strip owners of their properties. Thus, we

Pursuant to *Manu*, the purpose of the City's sheriff's sale was to recover delinquent taxes. Appellants, through the filing of the petition to redeem premises, have declared that they are capable of doing so, and, as the Superior Court contemplated in *Taylor*,[12] the statute must be liberally construed to promote a just result. Section 32(a) states that Appellants may "redeem the [Property] at any time within nine months from the date of the acknowledgment of the sheriff's deed" upon payment of the necessary costs. 53 P.S. § 7293(a). In *Rodriquez ex rel. Rodriquez v. SCG Mortgage Corporation*, 865 A.2d 987, 990–91 (Pa.Cmwlth.2005),[13] this

12. In *Taylor*, the city sold the appellee's property to the appellant at a sheriff's sale because of delinquent taxes. Subsequently, the sheriff's deed was acknowledged. Before the statutory deadline of one year under the old redemption statute, the appellee filed a petition to redeem premises. At the hearing after the one-year redemption period had expired, the trial court gave the appellee two months to complete the redemption process. Thereafter, the appellee filed a petition to extend the redemption process for an additional twenty days, and the appellant filed an answer objecting to the extension. After a hearing, the trial court granted the appellee's petition to extend.

On appeal to the Superior Court, the appellant argued that the redemption process must be completed within the statutory one-year redemption period. The court noted that the question of whether the one-year redemption period was mandatory or discretionary was a case of first impression and cited the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, in interpreting the statute, specifically stating:

> First, under 1 Pa.C.S.A. § 1928(c), this redemption statute is to be liberally construed so as to effect its object and to promote justice. Also, another relevant consideration in ascertaining the meaning is that 'when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.' 1 Pa. C.S.A. § 1921(b).

*Id.* at 439, 465 A.2d 33. The court determined that the petition to redeem premises was timely filed within the one-year redemption period and held that "we can not agree with appellant's position that, under § 7293, all the acts of redemption must be completed

reversed the trial court's order denying the motion to strike or vacate, vacated the trial court's order authorizing the sale, and remanded for further proceedings in accordance with the statutory provisions.

within one year from the date of the acknowledgment of the sheriff's deed." *Id.* However, the court remanded to the trial court for a determination of whether the appellant caused the delay in the appellee's completion of the redemption process.

13. In *Rodriquez*, while riding his bicycle a minor child sustained injuries when he fell into a missing section of the sidewalk. The Majkas had been the previous owners of the property until it had been sold to the purchasers at a sheriff's sale six weeks prior to the accident. The minor child, through his guardian (appellant), filed a complaint against the purchasers, the city, and the Majkas, eventually settling with the purchasers. The trial court granted the city's motion for summary judgment, holding that the city was immune from liability, and dismissed the complaint against the Majkas without prejudice. We affirmed the trial court's order on appeal. The appellant appealed to our Supreme Court, which determined that governmental immunity was not available to the city merely because the sidewalk was adjacent to a state highway. The Supreme Court vacated our order and remanded the case to this Court for consideration of the city's alternative claimed basis for summary judgment that its secondary liability was extinguished when the appellant settled with the purchasers of the property at the sheriff's sale.

On remand, we noted that the Majkas occupied the property until evicted, which was after the accident, and that the question at issue is whether the Majkas were primarily responsible tortfeasors. The appellant argued that legal ownership had not transferred to the purchasers because the deed had not been recorded until after the accident occurred. Citing *Garrett v. Dewart*, 43 Pa. 342 (1862), *we also noted that the prior owner is entitled to possession of the property until the sale is completed by the acknowledgment and delivery of the deed to the purchaser at the sheriff's*

Court noted that the acknowledgment and delivery of a sheriff's deed are separate actions from recording the sheriff's deed. Even under the most restrictive interpretation of section 32(a) that the redemption period begins after the acknowledgment of the sheriff's deed, which is the City's interpretation, the sheriff's deed will not necessarily have been recorded at the time of its acknowledgment and therefore the purchaser will not have necessarily incurred any costs related to recording the sheriff's deed. Giving effect to all of the statute's provisions and assuming that the Legislature did not intend an absurd result, we surmise that all costs listed in section 32(a) are costs that a redeemer of property must reimburse a purchaser, but only if those costs have been incurred by the purchaser.

Further, the language "at any time within nine months" can be construed to have two possible meanings. In the first interpretation, a petitioner would be allowed to file a petition to redeem premises at any time prior to the acknowledgment of the sheriff's deed. In the second interpretation, a petitioner would be allowed to file a petition to redeem premises at any time as long as it was filed within the nine months after the acknowledgment of the sheriff's deed. We stated in *Dooling Tire Company* that a statute is considered ambiguous when it has two or more possible meanings. 789 A.2d at 365–66. Thus, we view section 32(a) as ambiguous.

When the words of a statute are not clear, we may ascertain the meaning by considering the consequences of a particular interpretation. 1 Pa.C.S. § 1921(c)(7). In doing so, we must be mindful to "ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). If we interpret the statute in the second

manner, the purchasers would continue to incur expenses that will have to be reimbursed by property owners such as Appellants, consequently diminishing the ability of property owners to redeem their properties. Considering that the purpose of sheriff's sales under the Act is to collect delinquent taxes and not to strip property owners of their properties, *Manu*, we cannot surmise that the Legislature intended to increase the difficulty of the redemption process for property owners. Moreover, in *Rodriquez*, citing *Garrett*, we noted that the prior owner is entitled to possession of the property until the sale is completed by the acknowledgment and delivery of the deed to the purchaser at the sheriff's sale. Denying owners a right to redeem the property during a time they are entitled to possession would lead to an absurd result.

Hence, in construing the language in a manner consistent with the legislative intent, and in order to avoid an absurd result, "at any time within nine months from the date of the acknowledgment of the sheriff's deed," 53 P.S. § 7293(a), means Appellants would have a right to redeem the Property any time prior to nine months after the date that the sheriff's deed is acknowledged. In other words, Appellants would not have to wait until *after* the sheriff's deed has been acknowledged to file a petition to redeem the Property. An owner of a property sold under a tax or municipal claim could redeem the Property at *any time* so long as the petition for redemption is filed within nine months after acknowledgment of the sheriff's deed. This interpretation reflects the Legislature's intent to establish an end date for a property owner's right to redemption. If the Legislature had intended to establish a beginning date, it would have

---

*sale.* Thus, we reversed the trial court's order granting summary judgment and remanded to the trial court for a determination of when the

deed was acknowledged and delivered so that a determination could be made regarding the primarily responsible tortfeasor.

provided that property could be redeemed at any time *after* the sheriff's deed has been acknowledged and not stated that property could be redeemed "at any time within nine months *from* the date of the acknowledgment of the sheriff's deed." 53 P.S. § 7293(a) (emphasis added).

Further, to deprive Appellants of this right for a period of time while the purchasers continued to expend money would also result in Appellants having greater reimbursement costs, thus, increasing the likelihood that Appellants would not be able to keep their property. Since the purpose of sheriff's sales under the redemption statute is to collect delinquent taxes and not to strip owners of their property, the Act must be construed to allow debtors the ability to file a petition to redeem premises *at any time* so long as it is filed within nine months after the sheriff's deed has been acknowledged.

Interpreting the language to provide an end date, we determine that a party seeking to redeem a property may file its petition to redeem premises *at any time* within nine months after the acknowledgment of the sheriff's deed. The City will be made whole, the purchaser will be reimbursed any costs incurred during the pendency of the sale, Appellants will retain their property, and the purpose of sheriff's sales under the Act, to obtain delinquent taxes, will be fulfilled.[14] Hence, Appellants timely filed the petition to redeem premises pursuant to section 32(a) of the Act.

## 2. Section 31 of the Act

Moreover, our interpretation of section 32(a) of the Act is consistent with section 31 of the Act, 53 P.S. § 7281, which provides "[a]ny person interested may, at any time before the sale, pay the petitioner the whole of his claim, with interest, costs, charges, expenses, fees and attorney fees, whereupon the proceedings on petition shall at once determine." *Id.* The trial court will determine whether the petitioner has been paid in whole such that the sale of the property is no longer necessary. The time to pay the petitioner in whole occurs before the sale, and the sale of property is not yet complete until the sheriff's deed has been acknowledged, which has not occurred in this case. *Rodriquez,* 865 A.2d at 990–91 (noting that "[u]ntil the sale has been consummated by the acknowledgment and delivery of the deed, the debtor is entitled to the possession with all its attendant advantages.") (citation and quotations omitted).

Because the sheriff's deed has not been acknowledged in this case, the sale has yet to be consummated and Appellants are permitted to redeem the Property from the City's tax liens pursuant to sections 31 and 32(a) of the Act. Therefore, under the clear language of section 31 of the Act and consistent with our interpretation of section 32(a) of the Act, Appellants may redeem the Property from the City's tax liens prior to the acknowledgement of the sheriff's deed.

14. In addressing the purpose of tax sales under the Real Estate Tax Sale Law (RETSL), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803, the other method for selling properties that have delinquent taxes that is substantially similar to the method in the Act, the Supreme Court held as follows:

[I]t is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects a citizen's property to forfeiture for the non-payment of taxes.... As this Court stated in *Hess v. Westerwick,* 'the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes.' 366 Pa. 90, 98, 76 A.2d 745, 748 (1950).

*Tracy v. County of Chester,* 507 Pa. 288, 489 A.2d 1334, 1339 (1985).

### 3. Section 32(c) of the Act

■ Citing section 32(c) of the Act, the trial court stated that "[a] property owner may not redeem a vacant property," (Trial court op. at 4), and, although no findings that the Property was vacant were made, Appellants have admitted in their brief that the "[P]roperty was vacant and boarded property and vacant under the statutory definition of vacant pursuant to § [7293](c)." [15] (Appellants' brief at 18.) Appellants argue that the trial court misstated the law and that section 32(c) only precludes redemption of vacant property **after** the sheriff's deed has been acknowledged. Thus, Appellants contend that, because the Property is vacant and the sheriff's deed has not been acknowledged in this case, they have a right to redeem the Property. The City asserts that vacant property is never redeemable pursuant to section 32(c), and, thus, Appellants do not have a right to redeem the Property.

The plain language of section 32(c) of the Act provides as follows:

> Notwithstanding any other provision of law to the contrary, in any city, township, borough or incorporated town, **there shall be no redemption of vacant property by any person *after* the date of the acknowledgment of the sheriff's deed therefor.** For the purposes of this subsection, property shall be deemed to be 'vacant property' unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the acknowledgment of the sheriff's deed therefor.

53 P.S. § 7293(c) (emphasis added). Section 32(c) clearly states that vacant property cannot be redeemed "*after* the date of

the acknowledgment of the sheriff's deed[.]" *Id.* (first emphasis added) (emphasis omitted).

In *Dooling Tire Company*, this Court briefly addressed the issue of redemption of vacant property under clearly distinguishable facts. In that case, the city sold the appellee's property at a sheriff's sale because of delinquent taxes. Unlike the present facts, **the sheriff's deed had been acknowledged** in *Dooling Tire Company*. The appellee filed a petition to redeem premises, which the trial court granted, holding that the language of section 32(c) of the Act was ambiguous. On appeal to this Court, we stated that "[t]he language of [section 32(c)] of the Act is unambiguous and limits redemption to non-vacant property occupied as a residence." 789 A.2d at 366. Therefore, we reversed the trial court's order. Based upon the specific facts of that case, that acknowledgment had already occurred, we find that *Dooling Tire Company* is limited to situations in which the redemption is attempted after the sheriff's deed has been acknowledged, and, thus, not determinative of this case.

Section 32(c)'s language provides the exception to those properties redeemable under section 32(a). The plain language of section 32(c) provides that a petition to redeem premises cannot be filed for vacant property once the sheriff's deed has been acknowledged, which is not the case presently. Notably, the Legislature did not use language in section 32(c) that prohibits the redemption of vacant property *prior* to the acknowledgment of the sheriff's deed. Thus, consistent with the Legislature's intent, under section 32(c), redemption is allowed for vacant property before the

---

**15.** "A party's statement in its brief is treated as a judicial admission, which, although not evidence, has the effect of withdrawing a par-

ticular fact from issue." *Ciamaichelo v. Independence Blue Cross,* 928 A.2d 407, 413 (Pa. Cmwlth.2007).

sheriff's deed is acknowledged, but expressly not *after*.

▮▮▮▮ "[C]ourts should not interpret the words of a statute in isolation from each other, but rather, in light of the context in which they appear." *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 586 Pa. 146, 891 A.2d 1267, 1276 (2006). "[W]hen statutes or parts of statutes relate to the same persons or things, or the same class of persons or things, they are *in pari materia* and are to be construed together." *Id.* In reading section 32(c) in conjunction with section 32(a), if the Legislature's intent in section 32(a) was that petitions to redeem premises could not be filed until after the sheriff's deed is acknowledged, the Legislature could have stated in section 32(c) that redemption of vacant property shall not be permitted *at any time,* rather than qualifying that vacant property cannot be redeemed *after* the acknowledgment of the sheriff's deed. This language makes clear that the exception to section 32(a) is that vacant property can only be redeemed before the sheriff's deed is acknowledged, providing support for the interpretation of section 32(a) that a debtor may file a petition to redeem premises prior to the acknowledgment of the sheriff's deed.

Having determined that section 32(a) of the Act allows redemption prior to the acknowledgment of the sheriff's deed, we construe section 32(c) of the Act to allow the same. The Legislature has stated in section 32(c) that vacant property is only non-redeemable after the sheriff's deed is acknowledged, and, thus, the trial court misconstrued section 32(c)'s language to mean that vacant property is never redeemable.

Further, section 31 of the Act provides a property owner the opportunity to stop the sheriff's sale proceedings prior to the sale upon payment of necessary costs. Thus, it follows that the Legislature imparted the right upon property owners to file a petition to redeem premises at any time prior to nine months after the sheriff's deed is acknowledged pursuant to section 32(a) so that the purpose of the Act will be fulfilled and property owners will not have to reimburse purchasers for unnecessary expenses.

Accordingly, a petition to redeem premises is both permitted and timely filed for vacant and non-vacant property prior to the acknowledgment of the sheriff's deed, and must be filed no later than the respective deadlines for èach. Consistent with the plain language of section 32(c), Appellants filed the petition to redeem premises **prior to the acknowledgment of the sheriff's deed,** and, thus, section 32(c) would not preclude Appellants from redeeming the Property.

## Conclusion

Although F.A. Investment Group, Inc., and Information Management Group, Inc., are not indispensable parties and did not properly intervene, the petition to redeem premises was timely filed in accordance with sections 32(a) and (c) of the Act. Thus, the petition to redeem premises should not have been dismissed as premature.

Appellants also assert that they are entitled to a hearing on the petition to redeem premises. Because Appellants are entitled to redeem the Property and have timely filed the petition to redeem premises, the trial court, upon the petition to redeem premises setting forth the facts and Appellants' ability to redeem the Property, shall issue a rule to show cause and Appellants are entitled to a hearing on the rule to show cause pursuant to section 32(b) of the Act, 53 P.S. § 7293(b), which states:

> Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereup-

on the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

*Id.*

Accordingly, we vacate the trial court's order dismissing Appellants' petition to redeem premises as premature and remand to the trial court for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 27th day of June, 2014, the February 27, 2013 order of the Philadelphia County Court of Common Pleas (trial court) dismissing Appellants' petition to redeem premises as premature is vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.