IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                    :
                                        : No. 1073 C.D. 2015
                    v.                  : Submitted: January 22, 2016
                                        :
John W. Lockwood                        :
and Adelaide Lockwood                   :
                                        :
Appeal of: Rupali P. Singhal            :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  March 14, 2016


        Rupali P. Singhal appeals, *pro se*, from the May 21, 2015, order of the
Court of Common Pleas of Philadelphia County (trial court), granting Mary Lee's
motion to set aside the sheriff's sale of property located at 5410 West Girard Avenue
(Property) in the City of Philadelphia (City).  Lee has filed a motion to quash
Singhal's appeal.  We grant Lee's motion and quash Singhal's appeal.


        John W. and Adelaide Lockwood, husband and wife, were the record
owners of the Property since 1960.  John pre-deceased Adelaide, who died on

February 2, 2013. Lee was Adelaide's niece, caretaker prior to her death, and a beneficiary of her estate.[1]

On September 19, 2013, the City filed a petition for a rule to show cause (Petition) why the Property should not be sold pursuant to what is commonly known as the Municipal Claims and Tax Liens Act,[2] 53 P.S. §§7101-7505, for nonpayment of real estate taxes. On November 5, 2013, the trial court issued the rule to show cause (Rule). The sheriff served the Lockwoods, who were both deceased by this time, by posting the Property on November 30, 2013. On February 12, 2014, the trial court decreed that the Property be sold at a sheriff's sale (Decree). The Decree was docketed on March 5, 2014.

On April, 17, 2014, the City served Lee for the first time, via first class mail, with the Petition, Rule, and Decree, notifying Lee that a sheriff's sale of the Property was scheduled for May 20, 2014. Lee contacted the City and made a payment on May 14, 2014, thereby postponing the sheriff's sale of the Property until July 22, 2014. Lee asked about making regular payments but was informed that she could not because she was not the record owner of the Property.

The July 22, 2014, sheriff's sale was rescheduled to August 19, 2014. Lee made a payment before the August sheriff's sale, and it was postponed until

---

[1] Lee presented two wills. The first was signed and dated April 17, 2001, and named Lee as a 60% beneficiary of Adelaide's estate. The second will was dated 2011, was unsigned, and named Lee as the executrix and sole beneficiary of Adelaide's estate.

[2] Act of May 16, 1923, P.L. 207, *as amended*.

September 16, 2014. At this point, the taxes were paid in full; however, Lee still owed money toward the interest, penalties, costs, and fees.[3]

Lee did not contact the City further and, on September 16, 2014, the Property was sold at the 10:00 a.m. sheriff's sale to Singhal for $10,300. Lee attempted to contact the City on September 16, 2014, but the office was closed. On September 17, 2014, Lee contacted the City and was informed that the Property had been sold.

On October 15, 2014, Lee filed a motion to intervene with a motion to set aside the sheriff's sale attached. The deed was thereafter acknowledged by the sheriff on October 22, 2014, and recorded on October 28, 2014. The trial court granted Lee's motion to intervene on December 5, 2014, and stayed the proceedings with respect to the sale of the Property.

On December 8, 2014, Lee filed a motion to set aside the sheriff's sale of the Property, and the City and Singhal filed answers. On May 20, 2015, the trial court held a hearing. On May 21, 2015, the trial court ordered the sheriff's sale set aside and ordered the sheriff to return the $10,300 paid by Singhal.[4]

---

[3] The initial statement of account filed in this matter showed a total amount due of $2,108.50, consisting of $1,234.21 in unpaid taxes from 2010 through 2012, along with interest, penalties, costs, and fees of $874.29.

[4] In the event the sheriff did not return all of the $10,300, the trial court ordered Lee to reimburse Singhal for the difference.

3

On May 28, 2015, Singhal filed a motion for reconsideration, which the trial court denied on June 2, 2015. On June 11, 2015, Singhal appealed to this court.[5] On November 23, 2015, Lee filed a motion to quash Singhal's appeal pursuant to Pa. R.A.P. 1972(a)(3), because Singhal is not a party in this action.

In her motion to quash, Lee sets forth that Singhal did not file a petition to intervene in the trial court. Further, the City did not file an appeal from the trial court's order or join in Singhal's appeal. Thus, Lee argues that Singhal's appeal must be quashed because he is not a party to the action. We agree.

Pa. R.A.P. 501 states that "[e]xcept where the right of appeal is enlarged by statute, any *party* who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." (Emphasis added.) The Pennsylvania Rules of Appellate Procedure (Appellate Rules) do not define "party." However, the note following Pa. R.A.P. 102, states that the Appellate Rules are based upon section 102 of the Judicial Code, 42 Pa. C.S. §102, which defines "party" as "[a] person who commences or against whom relief is sought in a matter." "Accordingly, an appeal by one who was not a party to a proceeding in the trial court must be quashed." *Newberg v. Board of Public Education*, 478 A.2d 1352, 1354 (Pa. Super. 1984).

---

[5] Our review in a tax sale case is limited to determining whether the trial court abused its discretion, whether the decision was supported by substantial evidence, or whether the trial court committed an error of law. *City of Philadelphia v. F.A. Realty Investors Corporation*, 95 A.3d 377, 380 n.6 (Pa. Cmwlth. 2014).

Here, Singhal did not commence an action, nor was an action commenced against him. Although Singhal filed a brief with the trial court and participated in the hearing, he had no standing to appeal the trial court's order. *See Id.* (finding that because appellants participated only as *amici curiae* before the trial court, they lacked standing). Moreover, Singhal did not file a petition to intervene with the trial court. "[A] petition for leave to intervene must be filed during the pendency of the action. Pa. R.C.P. [No.] 2327. After final adjudication, a petition to intervene is too late." *Id.* at 1354-55.

Accordingly, because Singhal was not a party to this action and did not petition to intervene in this action, we must quash his appeal.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia              :
                                  : No. 1073 C.D. 2015
              v.              :
                                  :
John W. Lockwood          :
and Adelaide Lockwood     :
                                  :
Appeal of: Rupali P. Singhal   :

O R D E R

AND NOW, this 14th day of March, 2016, we hereby grant Mary Lee's motion to quash Rupali P. Singhal's appeal from the May 21, 2015, order of the Court of Common Pleas of Philadelphia County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge