# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 495 C.D. 2018 |
| | : | SUBMITTED: June 3, 2019 |
| Bonnie White-Harris | : | |
| | : | |
| Appeal of: Philadelphia Lotus, LLC | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

## MEMORANDUM OPINION BY
## SENIOR JUDGE LEADBETTER           FILED: July 2, 2019

Third-party purchaser, Philadelphia Lotus, LLC, (Purchaser) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) (1) granting the Motion to Redeem Premises (Motion to Redeem) filed by the property owner of record, Bonnie White-Harris, (White-Harris) in response to the actions of the City of Philadelphia (City) to sell the property located at 1810 Judson Street, Philadelphia, PA (Property) based on delinquent real estate taxes; and (2) granting in part and denying in part the Motion for Reimbursement of Redemption Expenses (Motion for Reimbursement) filed by Purchaser. We reverse the order to the extent that it granted the Motion to Redeem and vacate it in its entirety as to that part disposing of the Motion for Reimbursement.[1]

---

[1] In light of our reversal of the order granting the Motion to Redeem, we need not address any issues pertinent to the Motion for Reimbursement.

The pertinent background is as follows. In January 2016, the City filed a "Petition for Rule to Show Cause Why Property Should Not be Sold Free and Clear of All Claims, Liens, Mortgages, Ground Rents, Charges and Estates" pursuant to Section 31.2 of what is commonly known as the Municipal Claims and Tax Liens Act (Tax Liens Act).[2] In April 2016, the trial court granted the City's tax claim and ordered a Sheriff's Sale of the Property to the highest bidder. On November 15, 2016, the Property was sold for $8500. (Trial Court Civil Docket Report at 5; Reproduced Record "R.R." at 5a.) On January 3, 2017, the Sheriff's deed for the Property to Purchaser was acknowledged. The deed was recorded on January 23, 2017. (R.R. at 43-45a.)

On October 6, 2017, White-Harris filed a *pro se* Motion to Redeem pursuant to Section 32 of the Tax Liens Act, 53 P.S. § 7293, also referred to as the redemption statute. The trial court scheduled a hearing on the motion for December 20, 2017. Subsequently, Purchaser filed a petition to intervene. At the December 2017 hearing, White-Harris appeared *pro se* and counsel for both the City and Purchaser participated. Ultimately, the trial court granted Purchaser's petition to intervene and White-Harris's Motion to Redeem despite its apparent untimeliness. With respect to the latter, the trial court accepted White-Harris's assertions that the City misled her with respect to her right to redemption and the timing of her motion. In January 2017, Purchaser filed the Motion for Reimbursement. Following a March 2018 hearing, the trial court entered an order granting in part and denying in part Purchaser's Motion for Reimbursement. Purchaser's timely appeal followed.[3]

---

[2] Act of May 16, 1923, P.L. 207, *as amended*, added by Section 1 of the Act of March 15, 1956, P.L. 1274, 53 P.S. § 7183.

[3] On appeal, we are limited to determining whether the trial court abused its discretion, rendered a decision unsupported by the evidence or erred as a matter of law. *City of Phila. v. Schaffer*, 974 A.2d 509, 511 n.4 (Pa. Cmwlth. 2009).

By way of a framework for our analysis, the redemption statute, in pertinent part, provides:

> (a) *The owner of any property sold under a tax or municipal claim . . . may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor*, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. . . .

> (b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

> (c) Notwithstanding any other provision of law to the contrary, . . . *there shall be no redemption of vacant property by any person after the date of the acknowledgment of the sheriff's deed therefor*. For the purposes of this subsection, property shall be deemed to be "VACANT PROPERTY" unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the acknowledgment of the sheriff's deed therefor.

53 P.S. § 7293(a)-(c) (emphasis added).

3

The object of the redemption statute is to collect delinquent taxes, not to strip owners of their property. *City of Phila. v. F.A. Realty Inv'rs Corp.*, 95 A.3d 377, 384 (Pa. Cmwlth. 2014). To that end, it must be liberally construed to effect its object and to promote justice. *City of Phila. v. Phila. Scrapyard Props., LLC*, 132 A.3d 1060, 1067 (Pa. Cmwlth. 2016). In addition, we have observed that its dual purposes are "to facilitate sales of abandoned, vacated, uninhabitable and uninhabited properties which contribute to blight or the risk of property crime . . . while, at the same time, providing an owner currently residing on a property sold for taxes nine months within which to raise the money needed to avoid displacement."[4] *Brentwood Borough Sch. Dist. v. HSBC Bank USA*, 111 A.3d 807, 813 (Pa. Cmwlth. 2015), *aff'd sub nom.* 139 A.3d 187 (Pa. 2016).

On appeal, the determinative issue is whether the trial court erred in concluding that the Property was occupied in accordance with the redemption statute such that the nine-month filing deadline was applicable to the Motion to Redeem. To clarify, the redemption statute provides that a property owner may redeem property sold under a tax claim within nine months of the date the sheriff's deed is acknowledged unless that property is "vacant." 53 P.S. § 7293(a). The time limitation for vacant property is found in the exception to redemption provision, which provides that "there shall be no redemption of vacant property by any person after the date of the acknowledgement of the sheriff's deed therefor." 53 P.S. § 7293(c). In other words, "vacant property can only be redeemed before the sheriff's deed is acknowledged[.]" *F.A. Realty Inv'rs Corp.*, 95 A.3d at 389. The purpose of the exception is to limit the time for an owner of vacant property to redeem it. *Brentwood*, 111 A.3d at 813.

---

[4] Section 2 of the Act of July 15, 2004, P.L. 726, changed the redemption period from one year to nine months.

In the present case, the deadline for vacant property would have been January 3, 2017, far in advance of the October 3, 2017, deadline for occupied property. Choosing to apply the October 3, 2017, filing deadline for occupied property, the trial court accepted the October 6, 2017, Motion to Redeem as timely filed based on a finding that the City misled White-Harris as to the filing date. However, we conclude that the trial court erred in applying the time limitation applicable to continuously occupied properties.[5] As noted, the redemption statute provides that "property shall be deemed to be 'VACANT PROPERTY' unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale *and* continues to be so occupied on the date of the acknowledgment of the sheriff's deed therefor." 53 P.S. § 7293(c) (emphasis added). The factors to consider in determining whether property is non-vacant include:

> [W]hether anyone was habitually physically present at the property, i.e., regularly sleeping and eating there and using it as a place to dwell; whether any lack of physical presence was due to temporary illness, travel or renovation; whether the property was unsecured, damaged or uninhabitable; and whether the basic and necessary utilities such as water, electric and gas were operational.

*Brentwood*, 111 A.3d at 813. In addition, whether a property has been continuously occupied as a residence for the requisite statutory periods is a factual determination that must be resolved on a case-by-case basis. *Id*.

Regarding the occupancy of the Property, the trial court credited White-Harris's testimony that "the property was occupied by a member of her family for at

---

[5] In light of our resolution of this appeal on the occupancy issue, we need not address whether the trial court erred in determining that White-Harris's appeal should be considered timely filed based on assertions that the City misled her.

5

least 90 days before the date of the sale[.]" (Trial Court's December 20, 2017, Order at 1.) In support, White-Harris testified that a relative occupied the property before the November 2016 sale and that "they might have lived there about six months before the sheriff [sic] sale."[6] (Notes of Testimony "N.T." at 4; R.R. at 59a.) However, the trial court did not find that she established that a relative continued to occupy the Property on January 3, 2017, the date of the acknowledgment of the sheriff's deed.

Moreover, the record reflects White-Harris's testimony that her cousin was no longer living at the Property as of the December 20, 2017, hearing. (*Id.*) In addition, White-Harris noted that when she drove by the Property before the hearing, it had been completely vandalized and she had no "clue how long it [had] been like that." (N.T. at 22; R.R. at 64a.) Accordingly, even when viewing the record in a light most favorable to White-Harris, she did not establish that the Property was continuously occupied for the requisite statutory periods—that is—continuously occupied as a residence for at least ninety days before the sale date *and* up to and including the date of the acknowledgment of the sheriff's deed.

In summary, absent record evidence that the Property was occupied for all of the requisite statutory time periods, the Motion to Redeem had to be filed on or before the date of the acknowledgment of the sheriff's deed in accordance with 53 P.S. § 7293(c). *F.A. Realty Inv'rs Corp.*, 95 A.3d at 384. Accordingly, we

---

[6] Besides her testimony, White-Harris presented no evidence in support of her assertion that her cousin Denise occupied the property before the sale. (N.T. at 21; R.R. at 64a.) When pressed, White-Harris stated that she did not know that Denise needed to attend the hearing. (*Id.*) Of course, the failure to bolster testimony with any supporting evidence goes to the weight of the evidence, which is within the purview of the trial court as the factfinder.

reverse the trial court's order to the extent that it granted the Motion to Redeem and vacate it in its entirety as to that part disposing of the Motion for Reimbursement.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia        :
:
        v.           :   No. 495 C.D. 2018
:
Bonnie White-Harris     :
:
Appeal of: Philadelphia Lotus, LLC   :

## O R D E R

AND NOW, this 2nd day of July, 2019, the order of the Court of Common Pleas of Philadelphia County is hereby REVERSED to the extent that it granted the Motion to Redeem filed by Bonnie White-Harris and VACATED in its entirety as to that part disposing of the Motion for Reimbursement filed by Purchaser Philadelphia Lotus, LLC.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge