IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                    :
                                        :
            v.                          :
                                        :
Steve A. Frempong and                   :
Agnes Frempong,                         :    No. 1115 C.D. 2018
                  Appellants            :    Submitted: April 12, 2019


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED:  August 20, 2019


        Steve A. Frempong and Agnes Frempong (collectively, Frempongs)
appeal *pro se* from the June 28, 2018 order of the Court of Common Pleas of
Philadelphia County (trial court) dismissing their motion to redeem premises without
prejudice. Because we conclude that the trial court's June 28, 2018 order was
interlocutory, we quash this appeal.

        On June 14, 2016, the City of Philadelphia (City) filed an amended tax
claim against Agnes Frempong, the sole owner of property located at 1333 East
Mount Pleasant Avenue, Philadelphia, Pennsylvania, to recover unpaid real estate
taxes. Reproduced Record (R.R.) 1a-2a. The trial court held a hearing on the matter,
granted the City's request and entered a decree, docketed on June 28, 2017, to sell
the property at a sheriff's sale. *Id*. 4a. On July 3, 2017, Agnes Frempong filed a

motion for reconsideration of the June 28, 2017 order to sell the property, which the trial court denied. *Id*. 4a-5a.

On July 3, 2017, Steve Frempong, Agnes Frempong's husband, filed a motion to intervene in the case. R.R. 4a. On August 9, 2017, the trial court granted Steve Frempong's motion and added him as a party. *Id*. 6a. Two days later, on August 11, 2017, the City filed a motion seeking reconsideration of the trial court's order permitting Steve Frempong to intervene. *Id*. By order dated September 18, 2017, the trial court granted the City's motion for reconsideration and removed Steve Frempong as a party from the case by striking its August 9, 2017 order.[1] *Id*. 8a.

On April 18, 2018, the Sheriff sold the property to RCA Development, LLC (purchaser) for $80,000. R.R. 15a. On April 27, 2018, Steve Frempong filed a motion to redeem premises. *Id*. Two days prior to the hearing, on June 26, 2018, Steve Frempong filed an emergency motion for continuance of the hearing citing medical problems, which the trial court denied. *Id*. 16a.

On June 28, 2018, the trial court held a hearing on the motion to redeem, at which the purchaser's counsel appeared along with the Frempongs. R.R. 92a-93a. The purchaser argued that the motion to redeem had not been properly filed by Steve Frempong because only he signed the verification, and he was not a proper party to the matter. *Id*. 93a. In response to this argument, the trial court explained, "[o]kay.

---

[1] On January 24, 2018, the Frempongs filed a notice of appeal with this Court challenging, in pertinent part, the trial court's September 17, 2018 order removing Steve Frempong as a party to this matter. *City of Philadelphia v. Frempong* (Pa. Cmwlth., No. 96 C.D. 2018, filed March 27, 2018).

This Court, by order dated March 27, 2018, dismissed the Frempongs' appeal challenging the September 17, 2018 order of the trial court because the Frempongs did not pay the filing fee. R.R. 14a. Accordingly, the September 17, 2018 order is not before this Court in the present matter, and we will not address arguments raised by the Frempongs relating to Steve Frempong's request to intervene.

So I'll dismiss it without prejudice to refiling [sic] during any time of the redemption period." *Id.* Steve Frempong responded to the trial court, "[n]o problem." *Id.* The trial court entered its June 28, 2018 order dismissing the motion to redeem premises without prejudice. Trial Court Order dated 6/28/18. On July 3, 2018, Steve Frempong filed a motion for reconsideration, which the trial court denied by order dated July 11, 2018. R.R. 17a. On July 30, 2018, both Agnes and Steve Frempong filed a notice of appeal with this Court challenging the trial court's June 28, 2018 order.[2] Subsequently, the trial court in its Rule 1925 opinion reasoned that this Court should dismiss the appeal as interlocutory. Trial Court Opinion dated 9/5/2018.

On October 16, 2018, this Court issued an order requiring the parties to address the "appealability" of the trial court's June 28, 2018 order, that is, whether it is a final order appealable by right pursuant to Pennsylvania Rule of Appellate Procedure 341. *See* Pa. R.A.P. 341(a) (providing that "an appeal may be taken as of right from any final order of a government unit or trial court"). The Frempongs argue that the trial court's June 28, 2018 order dismissing their motion to redeem premises is a final order as it had "effectively" put them out of court. Frempongs' Brief at 13-14. Alternatively, the Frempongs contend that the June 28, 2018 order is a collateral order appealable by right. *Id.* at 16-18. Upon review, we conclude that the June 28, 2018 order is interlocutory, as it is not a final order or collateral

---

[2] Initially, we note that the notice of appeal challenging the June 28, 2018 order was docketed with this Court on July 30, 2018 and may appear untimely. Pa.R.A.P. 903(a) (explaining that notice of appeal "shall be filed within 30 days after entry of the order from which the appeal is taken"). Thirty days after June 28, 2018 was July 28, 2018, which was a Saturday. Because the Frempongs' appeal was docketed the following Monday, July 30, 2018, the appeal was timely. *See* Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908 (providing that with regard to computation of time in a statute, "[w]henever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation"); Pa.R.A.P. 107 (stating that rules of construction in Statutory Construction Act of 1972 shall be applicable to interpretation of Pennsylvania Rules of Appellate Procedure).

3

order appealable as a matter of right to this Court.[3] We begin with an overview of the redemption process.

The right to redeem property after it is sold at a sheriff's sale is provided in Section 32 of the act commonly known as the Municipal Claims and Tax Liens Act (Act), Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7293. Section 32(a) provides:

> [t]he owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may . . . redeem the same *at any time within nine months from the date of the acknowledgment of the sheriff's deed* . . . . If both owner and creditor desire to redeem, the owner shall have the right to do so only in case he pays the creditor's claim in full [and other expenses as provided herein].

53 P.S. § 7293(a) (emphasis added). As expressly stated, a person entitled to redeem may redeem the property after the sheriff's sale but must do so within a certain timeframe—"at any time within nine months from the date of the acknowledgment of the sheriff's deed." *Id*. The acknowledgment of the sheriff's deed is the event that consummates the property sale and therefore the timeframe to seek to redeem is based on this event. *City of Philadelphia v. F.A. Realty Inv'rs. Corp.*, 95 A.3d 377, 387 (Pa. Cmwlth. 2014).

---

[3] Though certain interlocutory orders may proceed as a matter of right, the Frempongs do not argue or assert that the June 28, 2018 order is such an order. Pa.R.A.P. 311(a) (providing that orders enumerated therein can be appealed as of right including, but not limited to, orders affecting judgments, attachments, changing criminal venue, injunctions, peremptory judgment in mandamus, new trials and partition). Further, the Frempongs did not avail themselves of the procedure to obtain permission to appeal from an interlocutory order pursuant to Chapter 13 of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 312 (stating, "[a]n appeal from an interlocutory order may be taken by permission pursuant to Chapter 13").

Though the date of acknowledgment of the sheriff's deed is used to calculate the timeframe within which to seek redemption of the property, a person entitled to redemption is not precluded from petitioning the court to redeem the property *prior* to acknowledgment of the sheriff's deed. *Id*. at 386. As long as the person files its petition to redeem no later than the Act's deadline, that is, at any time "within" nine months after acknowledgment of the sheriff's deed, then the person has preserved its opportunity to redeem. *Id*. at 389. In the petition to redeem, the person must set forth facts warranting redemption and his readiness to pay the redemption money. 53 P.S. § 7293(b). The court "shall grant a rule to show cause why the purchaser should not reconvey . . . the premises sold." *Id*. If, upon hearing, the court is satisfied of the facts alleged in the petition to redeem warranting redemption and readiness to pay the redemption money, the court "shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment." *Id*.

After a hearing on Steve Frempong's motion to redeem, the trial court accepted the purchaser's argument that Steve Frempong is not a proper party to verify the facts alleged and explained that "I'll dismiss it without prejudice to refiling [sic] during any time of the redemption period" and did so in its June 28, 2018 order.[4] R.R. 93a; Trial Court Order dated 6/28/18.

The Frempongs' argument that the trial court's June 28, 2018 order is final because it "effectively" put them out of court is misplaced. To be a final order, the order must dispose of all claims and of all parties or must be entered as a final

---

[4] Because the Frempongs filed their motion to redeem premises prior to the acknowledgment of the sheriff's deed, the original record does not have a copy of the document nor does this Court know when it was filed to trigger the nine-month timeframe provided in Section 32(a) of the Act. *See* Motion to Redeem Premises docketed 4/27/18 ¶ 2.

5

order. Pa.R.A.P. 341(b); *Hionis v. Concord Twp.*, 973 A.2d 1030, 1035 (Pa. Cmwlth. 2009). This has been the case since the 1992 amendment to Pennsylvania Rule of Appellate Procedure 341 when "the 'out of court' test [was] replaced with the requirement that a final order be one that ends litigation with respect to all claims and all parties." *Hionis*, 973 A.2d at 1034; *see also* Pa.R.A.P. 341, Note (stating, "[t]he 1992 amendment generally eliminates appeals as of right under Pa.R.A.P. 341 from orders not ending the litigation as to all claims and as to all parties"). The June 28, 2018 order does not dispose of all claims and parties because Agnes Frempong still could file a motion to redeem premises within the timeframe allowed by the Act. In fact, Agnes Frempong is pursuing her right to redeem based on review of the trial court's civil docket, which shows that on June 7, 2019 she filed a motion to redeem premises. *City of Philadelphia v. Agnes Frempong*, (C.C.P. Phila., No. 1606T0188).[5] Further, the Frempongs did not seek entry of the June 28, 2018 order as a final order to facilitate resolution of the entire case. *See* Pa.R.A.P. 341(c) (discussing application for determination of finality). Pennsylvania Rule of Appellate Procedure 341(c) provides that a trial court:

> [m]ay enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

---

[5] We may take judicial notice of official court records and public documents, including the entries in a civil docket sheet. *See, e.g.*, Pa.R.E. 201(b)(2); *Germantown Cab Co. v. Phila. Parking Auth.*, 27 A.3d 280, 283 n.8 (Pa. Cmwlth. 2011) (noting that this Court took judicial notice of the Supreme Court's docket to establish that an appeal had been filed).

Pa.R.A.P. 341(c).

Nevertheless, the Frempongs argue that the June 28, 2018 order is a collateral order from which they can appeal as of right as provided by Pennsylvania Rule of Appellate Procedure 313.[6] Rule 313 provides that a collateral order is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The June 28, 2018 order is not a collateral order, as it concerns the right to redeem the property, which is a central issue in this tax matter.

Based on the foregoing, we conclude that the June 28, 2018 order dismissing Steve Frempong's motion to redeem property without prejudice is interlocutory. Therefore, we quash the Frempongs' appeal.


_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] The Frempongs also argue that Steve Frempong's "property interest will be irreparably lost" if forced to wait until final judgment. Frempong's Brief at 17. However, this issue goes to the merits of Steve Frempong's request for intervention. *See* Pa.R.C.P. No. 2327 (providing who may intervene and includes consideration of whether entry of a judgment will adversely affect the person or affect any legally enforceable interest of such person not a party). The Frempongs failed to timely bring their appeal pertaining to Steve Frempong's interest in this matter and, therefore, this claim is not before us. *See supra* note 1.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia           :
                              :
             v.                  :
                              :
Steve A. Frempong and     :
Agnes Frempong,          :    No. 1115 C.D. 2018
           Appellants       :

## O R D E R

AND NOW, this 20th day of August, 2019, the appeal in the above captioned matter is QUASHED.

 

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                     :
                                     :
          v.              :   No. 1115 C.D. 2018
                                     :   Submitted: April 12, 2019
Steve A. Frempong and     :
Agnes Frempong,          :
             Appellants   :

**BEFORE:**    **HONORABLE MARY HANNAH LEAVITT,** President Judge
                  **HONORABLE RENÉE COHN JUBELIRER,** Judge
                  **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

<u>**OPINION NOT REPORTED**</u>

**CONCURRING OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: August 20, 2019**

I concur in the result of the majority opinion quashing the appeal of Steve A. Frempong and Agnes Frempong because it is an appeal from an interlocutory order. I note that, as we explained in *Hionis v. Concord Township*, 973 A.2d 1030, 1036 (Pa. Cmwlth. 2009), a litigant who chooses not to amend a complaint that a trial court has dismissed and given leave to amend "can obtain appellate review" "[b]y filing a praecipe with the court to issue a final, appealable order."

                                            _____
                                            **RENÉE COHN JUBELIRER,** Judge